IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRAINCHILD SURGICAL DEVICES, LLC, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 1:21-cv-554 (RDA/JFA) |
| v. ) ) | |
| CPA GLOBAL LIMITED, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant CPA Global Limited's Motion to Dismiss ("Motion") the Class Action Complaint (Dkt. 1) brought by Plaintiff Brainchild Surgical Devices, LLC, on behalf of itself and all other similarly situated persons and/or entities. Dkt. 13. Considering Plaintiff's Complaint (Dkt. 1) and the Motion (Dkt. 13) together with Defendant's Memorandum in Support (Dkt. 14), Plaintiff's Opposition (Dkt. 19), and Defendant's Reply (Dkt. 20), the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for the following reasons.

I. BACKGROUND

Plaintiff Brainchild Surgical Devices, LLC is a medical device company based in Brooklyn, New York that develops medical technologies. These technologies are protected by patents in the United States and abroad. Dkt. 1 ¶¶ 1, 14, 16. Under governing regulations, patents must be renewed, and Plaintiff, like other patent holders, chose to enlist the help of a third-party patent renewal service. Plaintiff's agreement with one such patent renewal server, Defendant CPA Global Limited, is at the center of this litigation.

Plaintiff and Defendant entered into a contract ("Agreement") on April 24, 2018. *Id.* ¶ 22.

In the Agreement, the parties contracted for Defendant to pay Plaintiff's patent renewal fees. In return, Plaintiff would pay Defendant a fixed fee per patent, plus certain other costs that included a "Funds Management Fee," a "Country Charge," and an "Official Charge." *Id.* ¶¶ 30, 33, 34. Plaintiff alleges that Defendant's practice of overcharging Plaintiff using deceptively labeled fees was unfair, fraudulent, and in breach of contract. Furthermore, Plaintiff alleges that Defendant used opaque and deceptive invoices to conceal its overcharging. *Id.* ¶¶ 4-5, 24-37. Specifically, Plaintiff alleges that Defendant "substantially overcharged Brainchild in violation of the Agreement" and, "[t]o hide this overcharging, [Defendant] issued opaque invoices to Brainchild that are devoid of any meaningful breakdown." *Id.* ¶¶ 4-5

Plaintiff initiated this action by filing suit in this Court on May 12, 2021. Dkt. 1. On August 12, 2021, Defendant moved to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 13. Plaintiff filed an Opposition on August 26, 2021. Dkt. 19. Defendant then replied on September 1, 2021. Dkt. 20.

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Twombly*, 550 at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted

2

inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

In addition to this general pleading standard, "fraud-based claims must satisfy Rule 9(b)'s heightened pleading standard." *United States ex rel. Grant v. United Airlines, Inc.*, 912 F.3d 190, 196 (4th Cir. 2018) (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013)). "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Id.* (quoting Fed. R. Civ. P. 9(b)). Further, when a plaintiff fails to plead fraud with particularity under Rule 9(b)'s pleading requirements, the omission "is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savanna River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### III. ANALYSIS

Plaintiff brings five claims for relief. Dkt. 1 ¶¶ 68-94. Two of its claims sound in contract, one is a claim for fraud by concealment, another is a claim for unjust enrichment, and the last is a claim for injunctive relief. *Id.* The Court addresses each claim in turn.

#### A. Breach of Contract (Count I)

"To survive a motion to dismiss for failure to state a breach of contract claim, the complaint must state sufficient facts showing: '(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Wenzel v. Knight*, 2015 WL 3466863, at *4 (E.D. Va. June 1, 2015) (quoting *Filak v. George*, 267 Va. 612, 619 (2004)).

3

At the motion to dismiss stage, the Court accepts all well-pleaded allegations as true. Indeed, "[w]hether a breach of contract is material is normally a question of fact, unless 'the issue is so clear that it may be decided as a matter of law.'" *Whiting-Turner Contracting Co. v. Capstone Dev. Corp.*, No. CIV. WDQ-12-3730, 2013 WL 5423953, at *8 (D. Md. Sept. 26, 2013); *see also McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 810–11 (E.D. Va. 2017) (finding that resolving materiality of contract breach on motion to dismiss is "inappropriate") (citing *Shipp v. Connecticut Indem. Co.*, 194 Va. 249, 257 (1952) (holding that whether the breach of a contractual provision is material is a question of fact)).

Defendant first asserts that Plaintiff does not adequately allege it was overcharged under the Agreement's plain terms because it does not cite any specific contractual provision that limits the charges Defendant is contractually entitled to collect. However, upon review of the Complaint, this Court concludes that Plaintiff cites Sections 4 and 5 of the Agreement, in which Plaintiff agreed to pay Defendant subject to a specific formula that took into account the Service Charge defined in Section 4 and a currency conversion charge (alternatively references as a "funds management" charge) defined in Section 5.6. *Id.* ¶¶ 24-34. Moreover, the Plaintiff alleges that Defendant charged Plaintiff at an undisclosed rate of "78% of the agreed upon amount"—far above what Plaintiff alleges it agreed to pay. *Id.* ¶ 55. Plaintiff alleges that these rates must be tied to a specific exchange rate and such rates cannot explain Defendant's 78% overcharges. *Id.* ¶¶ 34, 55. And Plaintiff further alleges that Defendant pays "a small fraction of one percent of the amount of currency converted in third party fees." *Id.* ¶ 35. In addition, Plaintiff alleges that Defendant's purportedly opaque practice of using incomprehensible invoices was in service of its breach of Sections 4 and 5 of the Agreement. *Id.* ¶ 72. On a motion to dismiss, where the Court assumes the truth of all facts alleged in the Complaint and draws all reasonable inferences in the plaintiff's

4

favor, Plaintiff has pleaded facts sufficient to support the conclusion that Defendant's violation or breach of that obligation, and therefore states a valid claim surviving a motion to dismiss for breach of contract.

### B. Covenant of Good Faith and Fair Dealing Claim (Count II)

Next, Plaintiff brings a separate count alleging Defendant breached the implied covenant of good faith and fair dealing when they acted in bad faith by billing clients in an opaque manner to secure overcharges. Dkt 1 ¶¶ 75-80. Defendant argues this is not a separate claim under Virginia law and therefore should be dismissed. Plaintiff counters that this position overstates the Virginia rule and asserts that his claim should not be dismissed because he is entitled to plead this claim in the alternative. *See* Dkt. 19 at 13 (quoting *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015)).

The Court concludes that Count II of the Complaint must be dismissed because Plaintiff does not state a claim for relief under Virginia law. *See TH Tax, Inc. v. Aime*, 984 F.3d 284, 294 (4th Cir. 2021) ("Virginia law does not recognize an independent cause of action for breach of the implied covenant [of good faith and fair dealing]."); *see also Middle E. Broad. Networks, Inc. v. MBI Glob., LLC*, No. 1:14-cv-01207-GBL, 2015 WL 4571178, at *1 (E.D. Va. July 28, 2015) (granting summary judgment to defendant on implied covenant of good faith and fair dealing claim and recognizing that Virginia "does not recognize an independent cause of action for this claim"). Breach of the implied duty of good faith and fair dealing is not a standalone claim available to Plaintiff, but is instead better viewed as an element of another cause of action at law—that is, breach of contract. Accordingly, Plaintiff may pursue this theory as a component of its breach of contract claim, but the separate count alleging Defendant breached the implied covenant of good faith and fair dealing is dismissed with prejudice and without leave to amend because amendment

5

would be futile.  *See Weill v. Dominion Res., Inc.*, 875 F. Supp. 331, 340 (E.D. Va. 1994) (citing Fed. R. Civ. P. 15(a)).

### C. Fraudulent Concealment Claim (Count III)

The essence of a fraudulent concealment claim is "an allegation . . . of a knowing and a deliberate decision not to disclose a material fact." *Norris v. Mitchell*, 255 Va. 235, 241 (1998). In Virginia, a party alleging fraudulent concealment must plead five elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him." *Thompson v. Bacon*, 245 Va. 107, 111 (1993).

Because Count III is a fraud claim, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply.  Plaintiff must, at a minimum, allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013).  Specifically, a plaintiff is required to identify "'the who, what, when, where, and how of the alleged fraud' before access to the discovery process should be granted." *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008)).

Construing Plaintiff's allegations in the context of a motion to dismiss, the Court finds that the allegations, taken together, are substantial enough to withstand a motion to dismiss.  First, Defendant argues that as a threshold matter, Plaintiff's fraud claim should be barred because any alleged overbilling is not independent of the performance owed to Plaintiff under the parties' contract, and that any such claims are therefore contractual in nature.  Defendant rightly states that "Brainchild is required to allege pre-contract misrepresentations or omissions in order to sustain a

fraudulent inducement claim here." Dkt. 14 at 22. This view accords with the well-accepted principle that "a showing of fraudulent inducement requires evidence of fraud either before or at the time of contracting," and must stand "apart from the mere breach of a contractual obligation." *BauerRobertson v. Shiva Fin., LLC*, 2021 WL 1323403, at *8 (E.D. Va. Apr. 8, 2021).

If Plaintiff's fraud claim failed to meet that pleading standard, this Court could dispose of the claim. But here, Plaintiff's Complaint does sufficiently allege pre-contract fraudulent misrepresentations. Plaintiff alleges Defendant's "misrepresentations and acts of intentional concealment induced Plaintiff and the other members of the Class to enter into or to renew renewal services agreements that they would not have," provided "the true facts [had] been known to them." Dkt. 1 ¶ 84. This is pre-contractual conduct of the sort that is actionable for fraud under Virginia law. *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 568, 570 (E.D. Va. 2002) (stating that "[w]hen [Defendant] makes the promise, intending not to perform, his promise is a misrepresentation of fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud").[1] Based on the well-pleaded allegations of the Complaint, it appears that Plaintiff asserts the first element to support a valid fraud claim for pre-contractual conduct by Defendant.

Second, although Defendant alleges that Plaintiff fails to sufficiently allege an intent to conceal, the Court finds the allegations of the Complaint adequately pleads the prerequisite of intent. *See* Dkt. 1 ¶ 82 ("Defendant intentionally concealed and misrepresented material facts concerning the renewal services agreements entered into by each member of the Class.").

---

[1] Under well-accepted authority, Plaintiff is plainly barred from asserting any fraud claim that arises out of the parties' contractual obligations; any theory of fraud liability will likewise be unable to import allegations that instead go to contractual damages. *See, e.g.*, *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 205 (2007); *Tingler v. Graystone Homes, Inc.*, 298 Va. 63 (2019).

Furthermore, a court evaluating a motion to dismiss "may draw a reasonable inference" of intent to commit fraud based on the facts alleged. *See Morrison v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 449, 457 (E.D. Va. 2014)). Plaintiff's Complaint alleges that Defendant attempted to hide its overcharging by issuing "opaque invoices to Brainchild that are devoid of any meaningful breakdown." Dkt. 1 ¶ 5. Count III will therefore not be dismissed on this basis.

That does not end the analysis, however, as the Court must also consider whether Plaintiff sufficiently pleads its fraudulent concealment claim with particularity as required by Rule 9(b). *See McCauley*, 710 at 559. Critically, the Complaint does not specifically identify "the corporate individuals involved in the allegedly fraudulent conduct." *United States ex rel. Kelly-Creekbaum v. L'Academie De Cuisine, Inc.*, No. CV DKC 17-3525, 2019 WL 3817264, at *6 (D. Md. Aug. 14, 2019). In the Complaint, Plaintiff generally avers that Defendant "intentionally concealed and misrepresented material facts concerning the renewal services agreements," *see* Dkt. 1 ¶¶ 981-86, but this falls short of the Rule 9(b) standard. Plaintiff must allege which material facts were concealed, who is responsible for the concealing, and the manner of concealment. The allegations of the Complaint meet none of those requirements.

This Court must rigidly enforce the fraud-pleading requirements because the "clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Harrison*, 176 F.3d at 789. Accordingly, Plaintiff's fraudulent concealment claim—at least as alleged in the Complaint—fails because it does not meet the more stringent standard applied to fraud claims. The Court therefore dismisses Count III without prejudice with leave to amend the Complaint with allegations meeting the particularity Rule 9(b) demands.

D. Unjust Enrichment Claim (Count IV)

Plaintiff also brings a claim for unjust enrichment. Dkt. 1 ¶¶ 87-89. To adequately allege this quasi-contract claim, a plaintiff must show: "(1) A benefit conferred on the defendant by the plaintiff; (2) [k]nowledge on the part of the defendant of the conferring of the benefit; and (3) [a]cceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990). Under Virginia law, "[t]he existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment." *CGI Fed. Inc. v. FCi Fed., Inc.*, 814 S.E.2d 183, 190 (Va. 2018). Where a plaintiff pleads an unjust enrichment claim despite there being an express contract between the parties, such a claim is ripe for dismissal. *See Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988).

In its Opposition, Plaintiff appears to acknowledge that this claim has been pleaded in the alternative in the event that the Court finds "that 'in the absence of a definite contract due to no meeting of the minds' it is nevertheless entitled to disgorge payments unjustly provided to Defendant." Dkt. 19 at 18 (citing *Dr. William E.S. Flory Small Bus. Dev. Ctr., Inc. v. Commonwealth*, 261 Va. 230, 237 (2001)). Because the Court has not dismissed Plaintiff's breach of contract claim, this becomes largely a theoretical discussion. Fatal to Plaintiff's unjust enrichment claim is that the Complaint nowhere alleges that there was not a meeting of the minds. Instead, the primary theme of Plaintiff's Complaint is that there was, in fact, a valid contract between the parties and Defendant breached that contract. Surely if there was some basis for alleging that there was no meeting of the minds, Plaintiff would have pleaded facts supporting that finding in its Complaint. The Court will therefore dismiss the unjust enrichment claim.

### F. Injunctive Relief Claim (Count V)

Plaintiff brings a separate claim for injunctive relief. Dkt. 1 ¶¶ 90-94. In this count, Plaintiff essentially proclaims a remedy that Defendant "should be ordered to change its policies and provide detailed billing statements to its clients." *Id.* ¶ 93. This claim does not state a claim upon which relief may be granted because in Virginia, "injunctive relief is a remedy and not a cause of action and it is improper to frame a request for an injunction as a separate cause of action." *Multi-Hous. Tax Credit Partners XXX v. Alexander Dairy Assocs., LLC*, No. 3:20-cv-612, 2020 WL 7419218, at *6 (E.D. Va. Dec. 18, 2020) (quoting *Bloch v. Exec. Off. of the President*, 164 F. Supp. 3d 841, 862 (E.D. Va. 2016)). "No new allegations can save" this claim for relief, *Bloch*, 164 F. Supp. 3d at 842, and dismissal of Count V will therefore be with prejudice. This ruling in no way precludes the Court from later imposing any equitable remedy if Defendant is ultimately found liable. *See Bell v. WestRock CP, LLC*, No. 3:17-cv-829, 2018 WL 3493077, at *4 (E.D. Va. July 20, 2018).

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED as to Count I. Defendants' Motion is GRANTED with respect to Counts II, III, IV, and V. Plaintiff's fraud claim (Count III) is DISMISSED WITHOUT PREJUDICE with leave to file an Amended Complaint consistent with this Memorandum Opinion and Order within 21 days. If no amendment is filed, the dismissal will reconstitute with prejudice.

It is SO ORDERED.

Alexandria, Virginia
March 31, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge