IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRAINCHILD SURGICAL DEVICES, LLC, ) ) ) Plaintiff, ) ) v. ) ) CPA GLOBAL LIMITED, ) ) Defendant. ) | Civil Action No. 1:21-cv-554 (RDA/JFA) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant CPA Global Limited's Motion to Dismiss ("Motion") (Dkt. 25) Count II of the Amended Class Action Complaint ("Amended Complaint") (Dkt. 23) brought by Plaintiff Brainchild Surgical Devices, LLC, on behalf of itself and all other similarly situated persons and/or entities. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering Plaintiff's Amended Complaint (Dkt. 23) and Defendant's Motion (Dkt. 25), together with Defendant's Memorandum in Support (Dkt. 26), Plaintiff's Opposition (Dkt. 28), and Defendant's Reply (Dkt. 29), the Court GRANTS Defendant's Motion and DISMISSES Count II of the Amended Complaint WITH PREJUDICE.

I. BACKGROUND

A. Factual Background

Plaintiff Brainchild Surgical Devices, LLC is a medical device company that develops medical technologies. Dkt. 23 ¶ 1. Plaintiff holds patents in the United States and abroad to protect its technologies. *Id.* Governing regulations require patent holders to pay fees to renew their

patents. *Id.* To manage these renewal fees, Plaintiff enlisted the help of Defendant CPA Global Limited, a third-party patent renewal service. *Id.* ¶¶ 2, 22. The patent renewal service agreement (the "Agreement") that the Parties entered into on April 24, 2018 is at the center of this dispute. *Id.* ¶ 22.

The Agreement provided that Defendant would pay Plaintiff's patent renewal fees. *Id.* ¶¶ 2-3. In return, Plaintiff would pay Defendant a fixed fee per patent, plus certain other costs that included a "Funds Management Fee," a "Country Charge," and an "Official Charge." *Id.* ¶¶ 3, 24, 28, 30, 33, 77. However, Plaintiff alleges that "[Defendant] substantially overcharged [Plaintiff] in violation of the Agreement." *Id.* ¶ 4. Plaintiff further alleges that, "[t]o hide this overcharging, [Defendant] issued opaque invoices to [Plaintiff] that are devoid of any meaningful breakdown." *Id.* ¶ 5. Plaintiff alleges that, prior to the formation of the contract, Defendant misrepresented that it would only charge Plaintiff the fixed fee plus the aforementioned other costs, "in part, at the direction of [Defendant]'s then-Chief Executive Officer, Simon Webster." *Id.* ¶¶ 78-79.

Moreover, Plaintiff alleges that "Webster used his position . . . to continue the overcharging scheme throughout [Defendant]'s customer relationships, as well as the scheme of marketing [Defendant's] services as if no overcharging would occur and concealing [Defendant]'s plans to overcharge customers once contracts had been signed." *Id.* ¶ 79. Plaintiff also alleges that Defendant's other executives and senior managers must have been aware of the overcharging scheme because a significant portion of Defendant's revenues come from "markups that can only be explained as overcharges" and Defendant had received numerous complaints about its billing practices. *Id.* ¶ 80.

B. Procedural Background

Plaintiff initiated this action by filing suit in this Court on May 2, 2021. Dkt. 1. On August 12, 2021, Defendant moved to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 13.

The Court granted in part and denied in part Defendant's initial Motion to Dismiss ("Initial Motion"). Dkt. 22. Specifically, the Court denied Defendant's Initial Motion with respect to Count I of the Complaint, wherein Plaintiff alleged a claim for breach of contract. *Id.* at 4-5, 10. The Court granted Defendant's Initial Motion with respect to Counts II, III, IV, and V of the Complaint, which set forth claims for breach of the covenant of good faith and fair dealing, fraudulent concealment, unjust enrichment, and injunctive relief, respectively. *Id.* at 5-6, 10. The Court further dismissed Counts II and V with prejudice.[1] *Id.* at 5-6, 10. However, the Court dismissed Count III of the Complaint—Plaintiff's fraud claim—without prejudice, granting Plaintiff leave to amend the Complaint with allegations containing the particularity Rule 9(b) demands. *Id.* at 8, 10.

On April 21, 2022, Plaintiff filed its Amended Complaint, bringing two claims: a breach of contract claim and a fraud claim. Dkt. 23. Then, on May 5, 2022, Defendant filed the instant Motion (Dkt. 25) along with a Memorandum in Support (Dkt. 26), arguing that Plaintiff's Amended Complaint still fails to state a plausible claim for fraudulent concealment and does not comport with the heightened pleading standard of Rule 9(b). On May 19, 2022, Plaintiff filed its Opposition to Defendant's Motion (Dkt. 28), and on May 25, 2022, Defendant filed a Response in support of its Motion (Dkt. 29).

---

[1] The Court did not specify whether Count IV of the Complaint was dismissed with prejudice or without prejudice.

II. STANDARD OF REVIEW

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Typically, the Court may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

In addition to this general pleading standard, "fraud-based claims must satisfy [Federal Rule of Civil Procedure] 9(b)'s heightened pleading standard." *United States ex rel. Grant v. United Airlines, Inc.*, 912 F.3d 190, 196 (4th Cir. 2018) (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013)). "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Id*. (quoting Fed. R. Civ. P. 9(b)). Furthermore, "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savanna River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

III. ANALYSIS

Under Virginia law, a party bringing a fraud claim must plead the following five elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him." *Thompson v. Bacon*, 425 S.E.2d 512, 514 (1993). Where the fraud is premised on an omitted statement or representation—*i.e.* the party makes a fraudulent concealment claim, as Plaintiff does here—the plaintiff must provide "an allegation . . . of a knowing and deliberate decision not to disclose a material fact." *Norris v. Mitchell*, 495 S.E.2d 809, 812 (Va. 1998).

Because Count II of the Amended Complaint sounds in fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. Plaintiff must therefore allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013). In other words, Plaintiff is required to identify "'the who, what, when, where, and how of the alleged fraud' before access to the discovery process should be granted." *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008)).

In its March 31, 2022 Memorandum Opinion and Order, the Court found that Plaintiff's allegations that Defendant made pre-contractual misrepresentations and omissions to induce Plaintiff and other members of the class to enter into renewal service agreements were actionable as fraud under the *general* pleading standard. Dkt. 22 at 7. But the Court concluded that Plaintiff failed to plead its fraudulent concealment claim with the requisite particularity under Rule 9(b). *Id.* at 8. In granting Plaintiff leave to amend, the Court made clear that, for an amended complaint to survive a 12(b)(6) motion, Plaintiff would have to allege with particularity (1) "which material

facts were concealed," (2) "who is responsible for the concealing," and (3) "the manner of concealment." *Id.* The Court will consider whether the Amended Complaint satisfies each of these requirements in turn.

    A. Whether Plaintiff Alleges with Particularity Which Material Facts were Concealed

Defendant argues that the only material facts that Plaintiff alleges were misrepresented or concealed are the terms of the Agreement, and the Court has already found that the material facts at issue must "stand apart from the parties' contractual obligations."[2] Dkt. 22 at 7. As this Court noted in its March 31, 2022 Memorandum Opinion and Order, it is well-established that a fraud claim "requires evidence of fraud either before or at the time of contracting," and that the evidence must be separate from the provisions of the contract itself. Dkt. 22 at 7 (quoting *BauerRobertson v. Shiva Fin., LLC*, 2021 WL 1323403, at *8 (E.D. Va. Apr. 8, 2021)).

Plaintiff's central allegation is that Defendant misrepresented how much Plaintiff would be charged. *See* Dkt. 23 ¶ 77 (citing Dkt. 24, Ex. A (the Agreement) §§ 4.1, 5.3, 5.6). Significantly, though, Plaintiff does not allege that Defendant made these misrepresentations or omitted information about additional charges anywhere other than in the text of the Agreement itself. *Id.* (citing Dkt. 24, Ex. A §§ 4.1, 5.3, 5.6). The text of the Agreement does not amount to evidence that Defendant misrepresented or omitted material facts because "[m]erely entering into [a] contract does not mean that Defendant implicitly represented the facts alleged . . . ." *Global Hookah Distribs., Inc. v. Avior, Inc.*, 401 F. Supp. 3d 653, 659 (W.D.N.C. 2019). If it were

---

[2] Defendant additionally argues that, even if Plaintiff had alleged pre-contractual misrepresentations or omissions of material facts with sufficient particularity, Plaintiff's fraud claim should fail because Plaintiff does not adequately plead that Defendant was under a duty to disclose. The Court does not reach that issue, however, because the Court's finding that the Amended Complaint does not comply with the Court's previous instructions to plead with particularity which material facts were concealed, by whom, and in what manner, is dispositive.

6

otherwise, "almost every breach of contract could be claimed to be fraud." *Hazaimeh v. U.S. Bank Nat. Ass'n*, 94 F. Supp. 3d 741, 748 (E.D. Va. 2015) (citing *Lissmann v. Hartford Fire Ins. Co.*, 848 F.2d 50, 53 (4th Cir. 1988)). Thus, because Plaintiff points to no occasions on which Defendant made misrepresentations or omissions other than when entering into the Agreement, the Court finds that Plaintiff does not allege the material facts at issue with sufficient particularity.

B. Whether Plaintiff Alleges with Particularity who is Responsible for the Concealment

Defendant next contends that Plaintiff fails to allege with particularity who is responsible for the concealment. Defendant asserts that Plaintiff's allegations regarding Webster directing the overcharging scheme, in part, and the other executives' silent complicity in the scheme do not convey who in fact made the misrepresentations to or who concealed material facts from Plaintiff.

Courts typically require a plaintiff to attribute certain misrepresentations or omissions to specific actors when pleading fraud. *See e.g.*, *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 705 (4th Cir. 2018) (affirming the district court's dismissal of a fraud claim where the counterclaimant did not "specify who it was accusing of which specific misrepresentations" and instead "variously refer[red] to the actions taken by the actuary, the Fund, [and] the Trustees"); *U.S. ex rel. Elms v. Accenture LLP*, 341 F. App'x 869, 873 (4th Cir. 2009) (upholding the lower court's dismissal of a fraud claim partly because the plaintiff did not attribute the alleged misrepresentations to any particular employee of the defendant); *Condel v. Bank of Am., N.A.*, No. 3:12-cv-12-HEH, 2012 WL 2673167, at *9 (E.D. Va. July 5, 2012) (dismissing fraud claim partly because the plaintiff did not specify the identity of the bank representative who purportedly made misrepresentations to her); *Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 448 (E.D. Va. 2007) (dismissing fraud claims for failure to meet the requirements of Rule 9(b) partly because the pleading did not "identify the perpetrator of the

7

alleged fraud").

Plaintiff correctly asserts, however, that some courts have found allegations of fraud sufficient to meet the "who" requirement under Rule 9(b) where the plaintiff identified the person making the misrepresentation merely as a company and its unidentified executives. Dkt. 28 at 8 (citing *Fessler v. Int'l Bus. Machs. Corp.*, No. 1:18-cv-798, 2018 WL 6220209, at *6 (E.D. Va., Nov. 28, 2018), *vacated and remanded on other grounds*, 959 F.3d 146, 155 (4th Cir. 2020)). However, the case from this District that Plaintiff cites in support of this proposition, as well as a similar case from the Western District of Virginia, are distinguishable from the facts at hand.

In *Fessler*, the district court rejected the defendant's argument that the complaint did not satisfy Rule 9(b)'s particularity requirements. 2018 WL 6220209, at *6. In so doing, the court observed that "it is perhaps debatable whether [the plaintiff] provided sufficient detail" about the misrepresentations made to him by unidentified IBM executives. *Id.* Nevertheless, the court found that the plaintiff "satisfied Rule 9(b)'s particularity requirements by providing sufficient detail about the allegedly fraudulent statements" in a PowerPoint presentation that IBM presented to him, which mirrored those made by the unidentified executives. *Id.* at *6 n.11.

Likewise, in *Harold v. TMC Enterprises, LLC*, No. 6:16-CV-00025, 2016 WL 6069023, at *5 (W.D. Va. Oct. 17, 2016), despite the fact that the plaintiff did not name the specific employee who made the alleged misrepresentations, the court concluded that the complaint satisfied Rule 9(b). In making this determination, the court noted that the plaintiff identified the content of the misrepresentations, as well as the date and location of the misrepresentations. *Id.* These cases suggest that courts are more likely to overlook deficiencies in the "who" requirement under Rule 9(b) if the plaintiff specifically identifies the content of the misrepresentations and the circumstances surrounding them. As discussed *supra* in section III.A and *infra* in section III.C of

this Memorandum Opinion and Order, Plaintiff satisfies neither condition. Thus, the Court does not find that the Amended Complaint complies with the Court's previous instruction to plead who is responsible for the concealing by merely alleging that "Defendant intentionally concealed and misrepresented material facts . . . ." Nor does merely accusing Webster of directing the overcharging scheme and other executives of turning a blind eye to the scheme satisfy the requirement of identifying which executives made misrepresentations to or omitted material facts from Plaintiff.

### C. Whether Plaintiff Alleges with Particularity the Manner of Concealment

Lastly, Defendant contends that Plaintiff does not plead with particularity any facts showing the manner of concealment. Defendant explains that Plaintiff refers in passing to Defendant's purported scheme of marketing its services as if no overcharging would occur but does not include any detailed allegations about how Defendant marketed its services. Moreover, Defendant argues, Plaintiff's remaining allegations regarding the manner of concealment relate to Defendant's post-contractual conduct, which the Court has already held cannot support a claim for fraudulent concealment.

The Court finds that Plaintiff's allegations in the Amended Complaint regarding the manner of concealment still lack the particularity that Rule 9(b) requires. Plaintiff's only new allegation related to the way in which Defendant concealed material facts about the Agreement from Plaintiff is that "Webster used his position . . . to continue . . . the scheme of marketing [Defendant's] services as if no overcharging would occur and concealing [Defendant's] plans to overcharge customers once contracts had been signed." Dkt. 23 ¶ 79. However, that vague reference to Defendant's marketing of its renewal services does not include important specifics, such as what misrepresentations or omissions Defendant made in marketing its services, what form

9

the marketing took, who marketed the services, and when, if ever, Plaintiff saw and relied on Defendant's marketing.

Plaintiff directs the Court's attention to the allegation in the Amended Complaint that Webster and other executives concealed material facts from Plaintiff by issuing opaque invoices that obfuscated Defendant's practice of overcharging customers. Dkt. 28 at 2, 9; *see* Dkt. 23 ¶ 78. However, as the Court has already recognized, such allegations of post-contractual conduct do not satisfy the requirement of adequately pleading the manner of concealment. *See* Dkt. 22 at 7 (noting that Plaintiff's fraud claim "requires evidence of fraud either before or at the time of contracting" (quoting *BauerRobertson*, 2021 WL 1323403, at *8)). Indeed, this is the same manner of concealment that Plaintiff alleged in its initial Complaint, and the Court has already found that allegation to be insufficient. *See* Dkt. 1 ¶ 5 ("To hide [its] overcharging, [Defendant] issued opaque invoices to [Plaintiff] that are devoid of any meaningful breakdown."); Dkt. 22 at 8 (explaining that Plaintiff must allege with particularity the manner of concealment).

Taken together, the Court finds that Plaintiff's allegations are not sufficiently detailed to make Defendant aware of what material facts were misrepresented or omitted, which of Defendant's officers made the misrepresentations or omissions, and the manner in which any such misrepresentations or omissions were made. *See Sweeney Co. of Md. v. Engineers-Constructors, Inc.*, 109 F.R.D. 358, 360 (E.D. Va. 1986) (noting that one of Rule 9(b)'s primary purposes is "to insure that allegations are specific enough to inform defendant and enable him to prepare an effective response and defense"). Accordingly, the Court once again concludes that Plaintiff's fraud claim fails to pass Rule 9(b) muster and is dismissed.

D. Leave to Amend

Lastly, Defendant moves the Court to deny Plaintiff leave to amend and dismiss Count II of the Amended Complaint with prejudice. Courts may exercise their discretion to deny leave to amend and dismiss a complaint with prejudice "where amendment is futile," meaning that any defects cannot be remedied by an amended complaint. *Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013). "[A]mendment may be considered futile where" a plaintiff "previously had two full opportunities to plead [her] claim." *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006).

In the instant case, Plaintiff had two full opportunities to state a claim for fraud with the requisite particularity under Rule 9(b), first in the initial Complaint and now in the Amended Complaint. What's more, the Court's March 31, 2022 Memorandum Opinion and Order clearly explained what Plaintiff would be required to allege in an amended complaint to survive a 12(b)(6) motion. *See* Dkt. 22 at 8; *see also McLain v. KBR, Inc.*, 2014 WL 3101818, at *7 (E.D. Va. July 7, 2014), *aff'd*, 612 F. App'x 187 (4th Cir. 2015) (denying leave to amend and dismissing an amended complaint with prejudice because the plaintiff "had ample notice of the defects that befell his [o]riginal [c]omplaint" and the "ruling dismissing the [o]riginal [c]omplaint clearly outlined those defects").

Plaintiff avers that amendment would not be futile here because it can identify which executives communicated the misrepresentations to Plaintiff, the approximate date of such pre-contractual communications, and the means by which the misrepresentations were communicated. However, these are among the very same details that the Court expressly directed Plaintiff to allege when amending the Complaint for the first time. Moreover, Plaintiff does not indicate that it would be able to allege any occasions on which Defendant misrepresented or omitted material facts

11

besides when it entered into the Agreement. Accordingly, the Court denies Plaintiff leave to amend and dismisses Count II of the Amended Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Dkt. 25) is GRANTED. Plaintiff's fraud claim (Count II) is DISMISSED WITH PREJUDICE.

It is SO ORDERED.

Alexandria, Virginia
January 11, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge