IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRAINCHILD SURGICAL DEVICES, LLC, a New York limited liability company, on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CPA GLOBAL LIMITED a foreign entity formed under the laws of the Island of Jersey, Channel Islands,<br><br>Defendant. | Case No. 1:21-cv-00554-RDA-JFA |

**REPLY IN SUPPORT OF THIRD-PARTY SALLY JO RUSSELL'S EXPEDITED MOTION TO QUASH PLAINTIFF'S DEPOSITION SUBPOENA**

Third-party Sally Jo Russell respectfully submits this reply in support of her motion to quash the deposition subpoena issued and served by Plaintiff Brainchild Surgical Devices, LLC ("Brainchild" or "Plaintiff") on Ms. Russell ("Motion").

Brainchild's opposition only confirms that the subpoena to Ms. Russell should be quashed under Rule 45(d)(3)(A) because it imposes an undue burden.

*First*, Brainchild fails to refute that Ms. Russell—who retired from CPA Global Limited ("CPA Global" or "Defendant") before the putative class period—has no relevant knowledge. Brainchild offers nothing more than mere speculation that anything that occurred before the putative class period is relevant to the case or that Ms. Russell was involved in the topics for which Brainchild seeks her testimony. Subpoenas that seek irrelevant information are inherently unduly burdensome under Rule 45(d)(3)(A).

***Second***, Brainchild makes no attempt to explain why it needs the testimony of Ms. Russell when it is already deposing multiple *current* CPA Global employees with more relevant knowledge, as well as former employee Joseph Mischler. Brainchild identifies no knowledge unique to Ms. Russell. For example, current CPA Global employee Joyce Gaillard would be just as knowledge as Ms. Russell, if not more, concerning "explanations of" and "issues with" CPA Global's fees. Opp. at 9. This alone is reason to grant the motion to quash. *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, 2016 WL 1071016, at *8 (E.D. Va. Mar. 17, 2016) (the court should quash a subpoena if the "information sought is obtainable from another, more convenient source").

***Third***, although the lack of relevance and need are independent bases to quash the subpoena, Ms. Russell suffers from anxiety and requiring her to prepare and sit for a deposition would impose additional emotional distress.

### ARGUMENT

As an initial matter, Brainchild ignores that, in the Fourth Circuit, courts must consider not only whether the discovery is relevant and proportional, but also the requesting party's need for it, including "why it cannot obtain the same information, or comparable information from one of the parties to the litigation" (or a more logical third party), and whether the request will impose a "cognizable burden" on the nonparty. *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). Brainchild's subpoena fails to satisfy any of the elements.

**A.    *Brainchild Fails to Articulate the Relevance of Ms. Russell's Testimony***

Ms. Russell retired from CPA Global before the putative class period even began. It is irrelevant whether CPA Global's practices were the same before the class period as during the class period—the relevant issue is CPA Global's practices during the class period. Even so, Brainchild has "provided nothing, apart from conjecture" to show that CPA Global's practices

2

surrounding pricing and contracting have indeed remained the same since Russell's tenure at CPA Global. *See Jordan*, 921 F.3d at 191; *see also Gilmore v. Jones,* 339 F.R.D. 111, 123 (W.D. Va. 2021) (denying third-party subpoena because the party seeking discovery did not "cite any information developed in [its] investigation of the case that support[] the scope of" its subpoena).

Brainchild's argument that Ms. Russell "does not refute the claim that these fees were the same or substantially similar to those when she was employed" (Opp. at 10), misses the point. It is precisely because Ms. Russell retired from CPA Global *before* the putative class period, that she has *no* knowledge about the practices during the relevant time period; she *cannot* possibly refute the claim that the practices remained the same.

Likewise, Brainchild assumes that Ms. Russell must have relevant knowledge because her sworn declaration fails to include the magic phrase that "she had no involvement in the subjects" for which Brainchild seeks her testimony—*i.e*., "the meaning, calculation or implementation of the fee provisions included in CPA Global's renewal services agreements." *Id*. at 9-10; Dkt. 77-4 at 2. As stated in her declaration:

> "[Ms. Russell] supervised a team responsible for customer service for existing clients and worked with other departments to coordinate onboarding for new clients. [She] did not have any responsibility or direct involvement in either sales or pricing at CPA Global. [She] also had no role in signing up new customers or negotiating contracts."

Declaration of Sally Jo Russell (Dkt. 77-1) ("Russell Decl.") at ¶¶ 5-6. Ms. Russell is not a lawyer and was not responsible for drafting or negotiating CPA Global's renewal services agreements or calculating fees to customers. As such, she was not responsible for "the meaning, calculation or implementation of the fee provisions included in CPA Global's renewal services agreements." *See id*.; Dkt. 77-4. That Ms. Russell may have some tangential knowledge of these topics does not change the fact that CPA Global's other witnesses, including its 30(b)(6) witness, are in a far better position to provide testimony on these topics.

Brainchild argues that Ms. Russell is "highly likely to have knowledge of [] complaints referenced by Mr. Mischler"—who left CPA Global in February 2016—in deposition testimony he gave in another case. Opp. at 11; Dkt. 91-1 (Mischler Tr. at 17:13-15). But, these "complaints" are also from before the putative class period and thus are not relevant, consistent with the Court's ruling that CPA Global need not produce documents related to internal and external complaints (Request Nos. 6 and 20) before January 1, 2017. Dkt. 75 at 2. Mr. Mischler does not, and indeed could not, testify that these "complaints" continued after 2017, because he has not worked at CPA Global since February 2016.

###    B.    *Brainchild Is Obtaining the Same Information From Less Burdensome Sources*

Even assuming pre-2017 practices are somehow relevant, Brainchild must "explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation" or from a "more logical" third party. *Jordan,* 921 F.3d at 189. It has not done so.

Brainchild admits that it "intends to examine CPA's deponents on similar topics." Opp. at 10. Specifically, Brainchild's Rule 30(b)(6) Notice to CPA Global seeks testimony on, *inter alia,* "[h]ow charges to clients are calculated" and "disclosed to clients," and "[h]ow often, and in what manner, clients negotiated terms and condition [sic] related to" different types of charges. Dkt. 77-5 at 5–6. Brainchild will also be deposing Marcus Liddiard and Andrew Proctor, who were both involved in CPA Global's pricing, the negotiation of and changes to renewal services agreements, and invoicing of clients, as well as Joyce Gaillard and Katie Hoddinott, who were both involved in client engagement, negotiation of and changes to renewal services agreements, and CPA Global's policies and procedures. *See* Dkt. 72-4 at 1; Dkt. 70-12. Brainchild is also

4

deposing Mr. Mischler, who also left in 2016, and was involved in negotiation of renewal services agreements.

Brainchild fails to explain how Ms. Russell's testimony would provide any "value over and above what the requesting party already has." *Jordan,* 921 F.3d at 189. Brainchild's (offensive) suggestion that CPA Global's witnesses will not be as "forthcoming as Mr. Mischler" is irrelevant and unfounded. Opp. at 10. It is well established in the Fourth Circuit that third-party subpoenas should be quashed unless the third-party "can offer important information that cannot be obtained from the party directly." *Jordan*, 921 F. 3d at 189; *see also In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, 2016 WL 1071016, at *8 (E.D. Va. Mar. 17, 2016) (If the "information sought is obtainable from another, more convenient source," the court should quash the subpoena). Indeed, Brainchild "cannot even begin to argue that it has a substantial need to obtain the materials from the non-parties" (*i.e*., Ms. Russell), "[*u]ntil* [Brainchild] has ***exhausted*** its efforts to seek production of these types of materials from [CPA Gobal], … and … ***completed some depositions***." *See Echostar Commc'ns Corp. v. News Corp.,* 180 F.R.D. 391, 395 (D. Colo. 1998).

Moreover, Brainchild's reliance on Mr. Mischler's deposition from another case only undermines the notion that it has any need for Ms. Russell's testimony. *See* Opp. at 10-11. Brainchild already has the testimony from Mr. Mischler and will be deposing him in this case.[1]

---

[1] Brainchild devotes four-and-a-half pages of its 12-page memorandum to arguing that CPA Global should de-designate a deposition transcript of Mr. Mischler from a different proceeding. Opp. at 4-9. Brainchild first raised this request to CPA Global on Tuesday evening and the parties have not yet conferred. *See* Pl.'s Ex. 3. Moreover, Brainchild has not filed a motion to seal, as required by Local Rule 5, and such a request has no place in an opposition to a motion to quash filed by a third-party who did not produce or have any knowledge of such deposition, constitutes an unnecessary discovery motion under Local Civil Rule 37(G), and violates the meet and confer requirement of Local Civil Rule 37(E).

That Ms. Russell—not CPA Global—seeks to quash her subpoena, while Mr. Mischler (apparently) does not seek similar relief, does not change the fact that her testimony would be irrelevant and duplicative. If, after deposing the other six witnesses it has already noticed, Brainchild can identify some lacuna that it believes Ms. Russell can fill, she is willing to confer about a limited deposition. But Brainchild has failed to identify any need for her deposition at this time.

### C.     *The Subpoena Imposes a Substantial and Cognizable Burden on Ms. Russell.*

As acknowledged by Brainchild, Ms. Russell suffers from medically diagnosed anxiety and a deposition will cause undue stress. Russell Decl. at ¶ 7; Opp. at 12. It is unclear what additional facts beyond a medically diagnosed condition that Brainchild believes must be provided to explain "how testifying will cause an undue stress or anxiety." *See* Opp. at 12. In any event, courts have recognized that "[p]reparing and sitting for a deposition is ***always a burden***, even when documents are not requested, ***particularly for a non-party***." *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (emphasis added).

Regardless, Ms. Russell does not need to establish that her health condition imposes a burden on her beyond "the ordinary inconveniences of being required to testify". Opp. at 12. In the Fourth Circuit, the party opposing a subpoena can easily meet its burden of persuasion "if the requesting party cannot articulate its need for the information and address obvious alternative sources." *Jordan*, 921 F.3d at 189 n.2. "[A] non-party subpoena imposes an impermissible burden 'when it seeks information beyond what the requesting party reasonably requires.'" *Jimmy A. Dunn Excavating Co. v. Eagle Pipeline, LLC*, 2020 WL 1876338, at *4 (S.D.W. Va. Apr. 15, 2020) (citing *Jordan*, 921 F.3d at 190); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (A subpoena "presents an undue burden when the subpoena is facially overbroad.").

6

## CONCLUSION

For the foregoing reasons, the Court should spare Ms. Russell, a 69-year old retiree, the additional anxiety of preparing and sitting for a deposition in which she has no first-hand relevant knowledge and that will be entirely duplicative of testimony to be offered by other witnesses.

Dated: June 8, 2023　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Eric C. Lyttle
　　　　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　　　　　SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　　　　　　Eric C. Lyttle, VSB No. 48518
　　　　　　　　　　　　　　　　　　　　　　　　Meghan M. McCaffrey (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　J. Matthew Hamann (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　1300 I Street, NW, Suite 900
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (202) 538-8000
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 538-8100
　　　　　　　　　　　　　　　　　　　　　　　　ericlyttle@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　　　meghanmccaffrey@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　　　matthewhamann@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　　　　　　Michael L. Fazio (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Anthony P. Alden (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　865 South Figueroa Street, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90017
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (213) 443-3000
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (213) 443-3100
　　　　　　　　　　　　　　　　　　　　　　　　michaelfazio@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　　　anthonyalden@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　　　　　　 *Counsel for Third-Party Sally Jo Russell*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June 2023, I filed the foregoing document electronically with the Clerk of the Court using the ECF system, and caused to be served by electronic mail a copy of the foregoing document upon the following parties:

BROWN NERI SMITH & KHAN, LLP
Geoffrey A. Neri, Esq, VSB No. 72219
Ethan J. Brown, Esq.
Ryan Abbott, MD, PhD, Esq.
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
Phone: (310) 593-9890
Fax: (310) 593-9980
Geoff@bnsklaw.com
Ethan@bnsklaw.com
Ryan@bnsklaw.com

*Counsel for Plaintiff and the Proposed Class*

　　　　　　　　　　　　　　　　　　　　 */s/ Eric C. Lyttle*
　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART & SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　　Eric C. Lyttle, VSB No. 48518

　　　　　　　　　　　　　　　　　　　　1300 I Street, NW, Suite 900
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　Phone: (202) 538-8000
　　　　　　　　　　　　　　　　　　　　Fax: (202) 538-8100
　　　　　　　　　　　　　　　　　　　　ericlyttle@quinnemanuel.com