IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| BRAINCHILD SURGICAL DEVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CPA GLOBAL LIMITED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:21-cv-0554 (RDA/LRV) |

### ORDER

This matter comes before the Court on Third-Party Sally Jo Russell's Expedited Motion to Quash Brainchild's Deposition Subpoena ("Motion to Quash") (Dkt. No. 76) and Plaintiff Brainchild Surgical Devices, LLC's ("Brainchild") Expedited Motion for an Order Requiring Defendant CPA Global Limited to Remove Confidentiality Designations ("Motion to De-Designate") (Dkt. No. 79). The motions are fully briefed (*see* Dkt. Nos. 77, 81, 82, 85, 90-95), and on June 9, 2023, a hearing was held on both motions at which counsel for Plaintiff, Defendant, and non-party Sally Jo Russell appeared. For reasons stated from the bench, and in accord with specific rulings and instructions thereto, it is hereby

**ORDERED** that the Motion to Quash (Dkt. No. 76) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Motion to De-Designate (Dkt. No. 79) is **GRANTED IN PART**; it is further

**ORDERED** that Plaintiff's expert (John Keogh) may access discovery materials produced in this litigation that were received or sent by Plaintiff in the ordinary course of business, even if such materials have been designated by CPA Global as Confidential or Highly Confidential under the

Protective Order (Dkt. No. 43). This access includes the documents identified in Plaintiff's Motion that the Court specifically addressed at the hearing, as well as other documents produced in discovery that meet the criteria for Mr. Keogh to be allowed access. Mr. Keogh's access to the materials is subject to the following conditions: (1) Mr. Keogh must sign Exhibit A to the Protective Order before being given access to any such materials, and (2) Mr. Keogh must review and use the materials <u>exclusively</u> for the purpose of serving as an expert in this matter, and not for any other purpose; it is further

**ORDERED** that Plaintiff's Motion to De-Designate (Dkt. No. 79) is **DENIED** in all other respects; it is further

**ORDERED** that the following documents, which were improperly filed under seal by Plaintiff in violation of Local Civil Rule 5(C), shall be, and hereby are, **STRICKEN** from the record in this case: <u>Dkt. Nos. 82-1, 82-2, 82-3, 82-4, 82-5, 82-6, 82-7, 86, 86-1, 91-1 and 94-1</u>; it is further

**ORDERED** that the following documents—which contain Defendant CPA Global's confidential and commercially sensitive information that may be appropriately shielded from public disclosure *insofar as they have been filed in connection with the instant motions*[1] and in accordance with *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000)—shall remain under seal until further order by the Court: <u>Dkt. Nos. 82, 91, 94</u>.

---

[1] The redacted versions of these pleadings, which were relied on by the Court in ruling on the instant motions, shall remain publicly available on the docket as Dkt. Nos. 81, 90, and 93. In consideration of the unique posture of the instant motions and Plaintiff's violation of Local Civil Rule 5(C) in filing these materials under seal, the Court notes that the rulings in this Order are not to be cited by <u>any party</u> in support of, or in opposition to, any future sealing request pursuant to Local Civil Rule 5(C) in this matter. Any such future sealing requests will be considered on a *de novo* basis at the time they are made.

**ENTERED** this 9th day of June, 2023.

                                                       /s/ _LRV_
                                         Lindsey Robinson Vaala
                                         United States Magistrate Judge

Alexandria, Virginia